SUPERIOR COURT 
 
 J. BRENT FINNEGAN, and others Plaintiffs vs. VBENX CORPORATION, and others Defendants VBENX CORPORATION, and others Plaintiffs-in—Counterclaim vs. J. BRENT FINNEGAN, and others Defendants-in-Counterclaim

 
 Docket:
 SUCV2009-03772-BLS1
 
 
 Dates:
 February 6, 2019
 
 
 Present:
 
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 '
 
 

 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT-IN- COUNTERLCLAIM FINNIGAN'S MOTION FOR ADVANCEMENT OF FUNDS
            Notwithstanding two trials (one jury waived and one jury trial) and one previous decision of the Appeals Court affirming the dismissal of all of plaintiff and defendant-in-counterclaim J. Brent Finnegan's claims against all of the defendants (for simplicity collectively "VBenx") following the jury waived trial, this case is once again before the court--this time while Finnegan and co-defendant-in-counterclaim Kenneth F. Phillips appeal the judgment for monetary damages entered against them following the jury's verdict in favor of VBenx on its counterclaims. Presently before the court is Finnegan's motion for advancement from VBenx of
                                                            -1-
attorney's fees and expenses that he has incurred in prosecuting his appeal of the jury's verdict and defending the discovery that VBenx has initiated in aid of recovery on its judgment. See M. R. Civ. P. 69. For the reasons that follow, Finnegan's right to further advancement of his litigation expenses can only be determined after an evidentiary hearing to consider whether Finnegan has unclean hands as a consequence of engaging in fraudulent transfers and other actions undertaken to render himself judgment proof.
PROCEDURAL BACKGROUND
            Finnegan filed his claims on September 4, 2009; VBenx filed its counterclaims on October 28, 2009. After much pretrial sparring, the Finnegan claims were severed from VBenx' counterclaims and proceeded to trial, without a jury, on April 25, 2011 (Lauriat, J. presiding). The case was tried over twenty-five days, concluding on June 5, 2011. 819 exhibits were entered in evidence (6.5 feet of paper according to Judge Lauriat's Memorandum of Decision). On October 19, 2012, the Court issued extensive Findings of Fact and Rulings of Law in which it ruled in favor of VBenx, dismissing all claims asserted against it. After further motions and hearings, on March 26, 2013, the Court entered a Separate and Final Judgment consistent with its Findings and Rulings. On May 3, 2013, Finnegan appealed; the Superior Court's Judgment was affirmed by the Appeals Court on August 14, 2015. See Finnegan v. Baker, 88 Mass. App. Ct. 35 (2015).
            Following the entry of judgment in favor of VBenx on Finnegan's claims, discovery and extensive motion practice commenced on VBenx' counterclaims asserted against Finnegan and Phillips. Beginning May 17, 2017, the counterclaims were tried to a jury. It proceeded day-to-day for nine days. Ultimately, two counts were submitted to the jury: a claim for malicious
                                                            -2-
prosecution principally directed at the claims that Finnegan and Phillips that were the subject of the jury waived trial; and claims for breach of Finnegan's fiduciary duty due to VBenx and its shareholders during the period that Finnegan was the chief executive officer and a director of VBenx and Phillips was a director. As noted above, the jury found against Finnegan and Phillips on both claims. The amount of the judgment entered against them, plus accrued post-judgment interest, is approximately $1.8 million. Finnegan and Phillips filed notices of appeal from the judgment. It is the court's understanding that the appeal has been briefed and argued and is under advisement in the Appeals Court.
            While the appeal was pending, VBenx began discovery in aid of satisfaction of its judgment, as permitted under M. R. Civ. P. 69. It requested documents and took depositions of Finnegan and Phillipps.
                        THE ADVANCEMENT OF FINNEGAN'S LITIGATION COSTS
            VBenx is a Delaware Corporation. Typical of many Delaware corporations, the VBenx by-laws contained a provision requiring VBenx to indemnify and hold harmless directors and officers from all losses incurred, including reasonable attorneys' fees and expenses, in defending claims brought against them by reason of the fact that such person is or was a director of officer of the corporation, provided such person acted in good faith and in a manner which the person reasonably believed to be in the best interest of the corporation. The by-laws also required VBenx to advance all costs of defense, if the officers/directors executed an undertaking to pay this money back if it is ultimately determined that the person is not entitled to indemnification—all as permitted by 8 Del. C. § 145. Finnegan and Phillips delivered such an undertaking in February, 2013.
                                                            -3-
            Over the ensuing years, there has been much motion practice concerning Finnegan's right to advancement. Disputes arose regarding whether expenses were incurred in connection with claims that were premised on his having been an officer and director of VBenx, as opposed to other tortious conduct, and whether the expenses for which he sought advancement were reasonable. In all, VBenx has advanced approximately $1 million to Finnegan. Under Delaware law, whether Finnegan is liable to repay all of the funds advanced will be determined after the pending appeal is decided. See See Sun-Times Media Group, Inc. v. Black, 954 A.2d 380, 405 (Del. Ch. 2008) (where the Delaware Chancery Court held that the appropriate point at which to address whether and how much of funds previously advanced by a corporation under § 145 (e) of the DGCL must be repaid is after there has been "a final, non-appealable conclusion to [the] proceeding" which gave rise to the obligation to advance funds.)
            Finnegan now demands further advancement of approximately $216,000. This includes roughly $180,000 of attorneys' fees allegedly incurred in prosecuting his appeal and $35,000 defending discovery in aid of execution.
            EVIDENCE OF FRAUDULENT TRANSFERS AND CONCEALMENT OF ASSETS
            As the court understands it, the motion to order advancement of fees is brought only by Finnegan.[1] VBenx contends that discovery has revealed that while Finnegan represented to a lender in or about 2010 that he and his wife had assets with a value of nearly $20 million, he presently appears to have no, or virtually no, assets in his own name. According to VBenx, the brokerage and bank statements produced in post-judgment discovery show very little cash or
---------------------------
[1] Phillips has apparently not joined in this motion. It may be noted that VBenx contends, based on post-judgment discovery, that while Phillips has previously presented himself as a successful businessman and entrepreneur, he appears, at present, to have only $20,000 in assets.
                                                            -4-
securities in his name. A home owned by he and his wife in Palm Beach was sold in 2013 and another Palm Beach condominium purchased; however, the deed to that condominium was only in his wife's name, although Finnigan appears to have paid the mortgage and tax on that property. It was recently sold for $3.5 million; but none of the proceeds of that sale appears to have gone to Finnegan. Finnegan recently also transferred a valuable property in Wolfeboro, New Hampshire to his wife for no consideration.
                                                            DISCUSSION
            The question of whether VBenx must continue to advance litigation expenses to Finnegan is governed by Delaware corporate law, more specifically 8 Del. Code § 145 (§ 145). In Tafeen v. Homestore, Inc., 2004 Del. Ch. LEXIS 38 (Del. Ch., March 16, 2004) (Tafeen), Chancellor Chandler addressed a situation very much like that presented by Finnegan's pending request for advancement. In Tafeen, Chancellor Chandler quickly disposed of the defendant corporation's contention that plaintiff, the former CEO of defendant Homestore, had forfeited his right to advancement by virtue of the conduct that caused him to be a defendant in a number of civil actions and an SEC enforcement proceeding, all filed after it was revealed that Homestore had substantially overstated its revenues in the past reporting periods. However, Chancellor Chandler found that Homestore's allegations that the plaintiff's conduct in relation to his request for advancement constituted unclean hands and this deprived him of his right to advancement required further consideration.
            The Chancellor explained that while a claim for indemnification of expenses incurred in defending claims that arose out of service as an officer or director was contractual, the right to advancement of expenses was an equitable claim and, therefore, subject to the defense of unclean
                                                            -5-
hands. Id. at 22-23. See also Nakahara v. NS 1991 Am. Trust, 739 A.2d 770, 793 (Del. Ch. 1998) ("advancement and indemnification are entirely distinct types of legal rights, and entitlement to one does not necessarily entail entitlement to the other"). He went to say that although § 145 was based on "the strong Delaware policy of encouraging able persons to become directors and officers" of Delaware corporations, "[w]here . . . the allegations underlying the unclean hands defense involve conduct that, if true, would undermine the spirit of the statute, the balance is clearly in favor of not rewarding the alleged inequitable conduct." And, “[a]llowing an unclean hands defense based on alleged affirmative actions taken to shelter assets does not undermine this public policy." Id.
            The specific act in question in Tafeen concerned the corporation's allegation that plaintiff had purchased an expensive home in Florida, a state with very protective homestead rights that defeat creditors' claims, at a time when the plaintiff's corporate conduct was likely to result in claims against him and requests for advancement of defense costs. The Court found that under these circumstances: "The case presents questions of fact as to whether Tafeen has acted in a way to avoid a potential obligation to repay advanced funds." Id. at 29. The Court then went on to explain that Delaware law contemplated a summary proceeding to resolve disputes on advancement and a prompt evidentiary hearing should therefore be convened to resolve this allegation.
            In a more recent case, a United States District Court in Connecticut relied on Tafeen in ordering a summary evidentiary proceeding to address the corporate defendant's contention that advancement was not required because of the officer's unclean hands. See SEC v. Illarramendi, 2014 U.S. Dist. LEXIS 16459 at 36-37 (D. Ct., Feb. 10, 2014) ("Consistent with this approach, the Court determines that an evidentiary hearing is needed to adjudicate the limited issue of
                                                            -6-
whether the Receiver can satisfy his burden of establishing that the unclean hands affirmative defense should apply.")
            In the present case, VBenx' submissions, supported by its post-judgment discovery, raise significant questions concerning whether Finnegan has been fraudulently transferring or secreting assets to frustrate VBenx' right to recover funds advanced to him to defend the claims that VBenx has, so far, successfully litigated against him. The Delaware Chancery Court's discussion of the unclean hands doctrine in Tafeen certainly suggests that, if the plaintiff had purchased an expensive home in Florida, where Florida homestead law would make that asset immune to creditors' claims, at a time that he anticipated he would be subject of claims based on his management of the defendant corporation, his conduct would be sufficient to establish a defense to his equitable claim for advancement. Certainly, if purchasing a home in Florida under these circumstances will support an unclean hands defense, fraudulent transfer of assets—if that is established—after adverse trial court judgments have entered will as well.
                                                            ORDER
            For the foregoing reasons, defendant Finnegan's motion for an order of advancement is continued pending an evidentiary hearing in that nature of that suggested by 8 Del. Code § 145(k) and discussed in Tafeen. The parties shall contact the clerk of this session to schedule a conference to address the timing and conduct of such a hearing.
@/s/Mitchell H. Kaplan Justice of the Superior Court
@February 6, 2019
                                                            -7-
xxz